UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                                          Case No. 8:21-cr-221-TPB-AAS

JAIME ALFREDO SOSA-EGAS,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S MOTION TO DISMISS THE INDICTMENT"**

    This matter is before the Court on "Defendant's Motion to Dismiss the Indictment," filed on January 11, 2022. (Doc. 31). On February 1, 2022, the United States of America filed a response in opposition. (Doc. 34). On February 15, 2022, Defendant filed a reply. (Doc. 38). On March 16, 2022, the Court held a hearing to address the pending motion. (Doc. 42). Upon review of the motion, response, reply, case file, and the record, the Court finds as follows:

**Background**

    This case arises from events alleged to have occurred when a U.S. registered aircraft, a Cessna Model 340A, tail number N69355, took off from Aruba and landed in Honduras on March 30, 2021. Members of the Honduran military intercepted a small plane believed to be carrying drugs – the interdiction led to the seizure of approximately 272 kilograms of cocaine. One person was onboard the Cessna – Guatemalan national Christian Samuel Lopez Perez, who was charged with drug distribution in Honduras and is currently in a Honduran jail pending criminal

proceedings. U.S. federal agents believed that the individual charged here, Jaime Alfredo Sosa-Egas piloted the Cessna although he was not on the plane at the time it was intercepted.

On July 13, 2021, Defendant Jaime Alfredo Sosa-Egas was named in a three-count indictment returned in the Middle District of Florida. The indictment alleges that Defendant conspired to distribute and possessed with intent to distribute cocaine (Count One), knowingly and intentionally distributed cocaine (Count Two), and possessed with intent to distribute cocaine (Count Three), all while on board an aircraft registered in the United States.

Defendant, an Ecuadorian national and citizen, is a commercial pilot with 12 years' experience flying for airlines in Ecuador. When the covid-19 pandemic halted nearly all commercial air travel, he was furloughed and then laid off. In the summer of 2021, a friend told Defendant that Mexican commercial airlines were hiring and suggested updating his Federal Aviation Administration ("FAA") Airline Transport Pilot ("ATP") certification so he could apply for open jobs. Defendant flew from Guadalajara, Mexico, to Fort Lauderdale, Florida, to attempt to enroll in training courses in Miami, Florida. However, the training slots were full, so he decided to fly back to Mexico from Miami.

On July 20, 2021, when his flight landed in Mexico City, Defendant was detained by Mexican authorities. Mexican federal agents told Defendant that he could not enter Mexico and had to return to the United States. He was booked, apparently by Mexican authorities, on a flight scheduled to depart the next morning to Orlando, Florida. When Defendant landed at Orlando International Airport on July 21, 2021,

United States federal agents arrested him. He was later transported to Tampa for his initial appearance on the July 13, 2021, indictment.

## Analysis

### *Venue*

In the motion to dismiss, Defendant first argues that the indictment should be dismissed for improper venue. The gravamen of Defendant's argument is that no parts of the alleged offenses occurred in the Middle District of Florida, and the airplane was not registered in the Middle District of Florida. Defendant notes that the Federal Aviation Administration ("FAA") records reveal that the last bill of sale for the aircraft was dated August 14, 2020, when it was purchased by LDR Aviation Inc, which showed an address, and FAA registration, in Miami, Florida. The Government contends that venue is proper based on 18 U.S.C. §3238 because Defendant was arrested in Orlando, which is located in the Middle District of Florida.[1]

"If a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. 2018) (citing *United States v. Snipes*, 611 F.3d 855, 866-67 (11th Cir. 2010)). In this case, the indictment alleges that each of the offenses took place "*in the Middle District of Florida* and elsewhere" (emphasis added). (Doc. 1).

---

[1] 18 U.S.C. § 3238 provides that "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia."

Taking these allegations as true, as the Court must, the Government has alleged a sufficient basis for venue in the Middle District of Florida, and Defendant's pretrial challenge to venue must be denied.[2] Of course, at the conclusion of the Government's case, Defendant may move for an acquittal if he believes that the Government has failed to meet its burden of proving venue.

*Extraterritorial Jurisdiction*

Defendant next argues that Counts I and II – which allege violations of 21 U.S.C. § 959(c) – should be dismissed because the statute does not permit extraterritorial jurisdiction for the offense of possession with intent to distribute, pointing to *United States v. Thompson*, 921 F.3d 263, 302-04 (D.C. Cir. 2019). It does not appear that the Eleventh Circuit has directly addressed this issue. However, other courts have held that § 959 applies extraterritorially to acts of possession with intent to distribute. *See, e.g.*, *United States v. Epskamp*, 832 F.3d 154, 162-66 (2d Cir. 2016); *United States v. Lawrence*, 727 F.3d 386, 391-94 (5th Cir. 2013); *United States v. Malago*, No. 12-20031-CR, 2012 WL 3962901, at *3-4 (S.D. Fla. Sept. 11, 2012). Although these cases address § 959(b), the Court finds the reasoning and analysis presented in these cases equally persuasive when considering § 959(c). As such, the motion to dismiss on this ground must be denied.

---

[2] The indictment also references 18 U.S.C. § 3238 as a basis for venue. However, the indictment does not reference the place of arrest, and it likely could not since Defendant had not been arrested at the time that the indictment was filed.

## Conclusion

The offenses at issue here allegedly took place when somebody flew an airplane with a U.S. registration from Aruba to Honduras carrying drugs that are illegal in the United States. There is no indication whatsoever that those drugs were ever intended to be transported into the United States. Defendant had never set foot in the Middle District of Florida. The *only connections* this case has with the Middle District of Florida are that: (1) the prosecutor is located in the Middle District of Florida and (2) Mexican authorities chose to involuntarily place Defendant on a flight to Orlando, Florida (presumably at the request of prosecutors in the Middle District of Florida, who had already indicted Defendant). The only connection this case has with the Tampa Division of the Middle District of Florida is the fact that the prosecutor happens to be located here.

For practical purposes, venue in a criminal case such as this seems to be determined simply by the location that the prosecutor happens to be. If federal prosecutors in Idaho happened to be interested in this airplane that flew from Aruba to Honduras, the proper venue for prosecution could be Pocatello, Idaho. That could be accomplished simply by having the defendant arrested in Idaho. Indeed, if federal prosecutors in Alaska or Hawaii were interested in this airplane that flew from Aruba to Honduras, venue would be in Honolulu, Hawaii or possibly Nome, Alaska. This seems absurd. Nonetheless, this Court is bound to follow the law, even where it might not necessarily be practical or consistent with common sense. As far as can be determined, existing United States law supports jurisdiction and the Government's

choice of venue in this case.³  Therefore, the motion must be denied.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of April, 2022.

                                                          **TOM BARBER**
                                                           **UNITED STATES DISTRICT JUDGE**

---

³ Technically, venue is proper in the Orlando Division of this Court since the Defendant was initially arrested at the Orlando airport.  For the convenience of the parties, the Court will not transfer this case to the Orlando Division, but it reserves the right to do so in future such cases, if any.